EXCHANGE BAKERY & RESTAURANT, INC., Appellant, *v.* LOUIS RIFKIN, Individually and as President of Waiters and Waitresses Union Local No. 1, an Unincorporated Association of Seven or More Members, and Others, Respondents.

First Department, May 14, 1926.

**Trade unions — action for injunction — plaintiff's bakery and restaurant was non-union — plaintiff had right to injunction restraining defendants from interfering with its business.**

The plaintiff, which maintains a bakery and restaurant as an open shop and engages its employees under a contract providing that if they join a union they will forthwith leave plaintiff's employ, is entitled to an injunction restraining the defendants from interfering with its business and its policy of maintaining an open shop.

The defendants unjustifiably and without reason entered plaintiff's premises and declared a strike of its employees when none in fact existed or should have been called, and such interference may be restrained by the courts.

APPEAL by the plaintiff, Exchange Bakery & Restaurant, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 23d day of October, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

*Edward G. Griffin,* for the appellant.

*Max D. Steuer* [*Harold H. Corbin* with him on the brief], for the respondents.

PER CURIAM. The evidence convinces us that the plaintiff is clearly entitled to the injunctive relief which it seeks. There was no *bona fide* strike of the employees of the plaintiff's restaurant on April 22, 1925, at the time four of the plaintiff's employees left such employment. We are of the opinion that the findings of the court at Special Term that two of the waitresses employed by the plaintiff in its restaurant were discharged by plaintiff for the reason

that they had theretofore become and then were members of the defendant association, and that up to the time of their discharge by plaintiff and for some time prior thereto had been *bona fide* employees of the plaintiff; that the four employees who left plaintiff's employ at the time a strike was declared were *bona fide* employees of the plaintiff; and that the defendants Rifkin and Finkelstein were, without any cause or provocation, assaulted and beaten in plaintiff's restaurant by plaintiff's agents and representatives and forcibly ejected from plaintiff's premises; and that members of the defendant association, in " picketing " the plaintiff's place of business, did nothing in any way to interfere with, molest, approach, speak to, or stop any one on said streets or any one entering or about to enter or leave the plaintiff's bakery and restaurant; and that the strike of the said employees of the plaintiff was justified by grievances which they had against the plaintiff, were all contrary to and against the weight of the evidence.

We are of the opinion that the defendants unjustifiably and without reason entered plaintiff's premises and declared a strike of its employees when none, in fact, existed, or should have been called.

Each employee of the plaintiff entered into a written contract with plaintiff wherein it was stated that she was employed with the express understanding that she was not a member of or affiliated with the International Federation of Lunch Room, Restaurant and Hotel Workers, Waiters' Union, Local No. 1, or any other union affiliated with any international brotherhood, or their agents and successors, and that the said employee would not become so while an employee of the plaintiff, and that if, at any time during said employment, she wanted to become connected with any of said unions or any other union affiliated therewith, the employee agreed to forthwith give written notice to the plaintiff of such intention and to forthwith withdraw from the employment; and also, that she would not, while in the employ of the plaintiff, make any effort amongst its employees to bring about the unionizing of plaintiff's shop or any of the employees in any of the departments of the said employer's business, and that she would promptly notify her employer of any effort coming to her attention on the part of any person whomsoever to unionize said restaurant, and that she would not, directly or indirectly, make any effort to unionize the said shop or the employees of any of the departments of her employer's business, or entice or solicit away any customer or employee of the plaintiff, or interfere, directly or indirectly, with the property, good will, business or employees of her said employer.

The plaintiff had a clear right to run its business by employing none but non-union labor. The interference by the defendants

with the plaintiff's policy in that respect was without excuse or justification. The subsequent acts of the defendant Waiters and Waitresses Union Local No. 1, its officers, agents and associates, constituted an unlawful interference with the plaintiff's business, which the court should enjoin.

The judgment appealed from should be reversed, with costs, and a judgment entered in favor of the plaintiff for an injunction as prayed for in the complaint, with costs.

Present — CLARKE, P. J., DOWLING, MERRELL, McAVOY and MARTIN, JJ.

Judgment reversed, with costs, and judgment directed in favor of plaintiff for an injunction as prayed for in the complaint, with costs. Settle order on notice.